IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:11CV528-RJC-DSC

| | |
|---|---|
| NATIONWIDE TRUSTEE SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) **MEMORANDUM AND RECOMMENDATION** ) **AND ORDER** |
| v. | ) ) ) |
| ANGEL L. RIVERA, | ) ) |
| Defendant/Cross Claimant, | ) ) |
| v. | ) ) ) |
| BANK OF AMERICA, N.A., | ) ) |
| Cross Defendant, | ) ) ) |

**THIS MATTER** is before the Court on Cross Defendant Bank of America, N.A.'s "Motion to Remand" (document #8) and Plaintiff Nationwide Trustee Services, Inc.'s "Motion to Remand" (document #10), both filed November 21, 2011, as well as the parties' briefs and exhibits. See documents ##8, 10, and 12-14.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

This action involves the foreclosure on a deed of trust on real property located at 16042 Stuarts Draft Court in Charlotte, North Carolina. (hereinafter "real property"). On June 14, 2011, Plaintiff Nationwide commenced a special proceeding in Mecklenburg County Superior Court seeking foreclosure on the deed of trust.

On June 26, 2011, pro se Defendant was served a copy of the Notice of Hearing of Foreclosure. The hearing was initially scheduled for August 19, 2011, but was continued by request of the substitute trustee.

On October 21, 2011, more than thirty days after his receipt of the initial foreclosure notice, Defendant filed a "Notice of Removal of Action" (document #1) and "Counterclaim" (document #3) with the Clerk of the United States District Court for the Western District of North Carolina. Defendant attempts to invoke the Court's jurisdiction by generally alleging the existence of federal question jurisdiction under 28 U.S.C. § 1331. In his Counterclaims, Defendant asserts state law claims for breach of contract and "wrongful foreclosure" against Nationwide and Bank of America, N.A.

At the outset, the Court finds that the Motions to Remand are timely. See 28 U.S.C. § 1447(c) (motion to remand must be filed within thirty days of filing of notice of removal and the Court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The existence of subject matter jurisdiction is a threshold issue. Absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.

1991).

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). Defendant does not allege the existence of nor does there appear to be complete diversity of citizenship between the parties. Therefore, the basis for federal subject matter jurisdiction must arise under what is commonly called "federal question" jurisdiction.

As the Fourth Circuit recently stated:

Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added).

Foreclosure actions brought under state law do not give rise to federal question jurisdiction. City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property ... suggests the presence of a federal question").

Finally, a notice of removal must be filed within thirty days of the receipt by the removing party of the initial pleading, order or other document from which that party may ascertain that the

case is removable to federal court. See 28 U.S.C. 1446 (b)[1]; Lovern v. General Motors Corp. 121 F.3d 160, 161-62 (4th Cir. 1997) (quoting statute); Roberson v. South Carolina Dept. of Corrections, 2010 WL 679070 (D.S.C. February 24, 2010) (same); In re Foreclosure of a Deed of Trust Executed by Prodev, XI, LLC by Eddie Hood, Manager, Present Record Owner(s) Braxton Village North, 2008 WL 5234301 (E.D.N.C 2008.) ("because ... filing of the Petition of Removal was untimely, and therefore procedurally defective ... the removal was procedurally improper, [and] the court need not consider whether it has subject matter jurisdiction over this case"). It is clear from the record that Defendant had notice of this proceeding no later than June 26, 2011, but did not file his Notice of Removal until October 21, 2011.

Accordingly, for both of these reasons, the Motion to Remand should be granted.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

---

[1] 28 U.S.C. § 1446(b) provides:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

4

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Cross Defendant Bank of America, N.A.'s "Motion to Remand" (document #8) and Plaintiff Nationwide Trustee Services, Inc.'s "Motion to Remand" (document #10) be **GRANTED** and that this matter be **REMANDED** to Mecklenburg County Superior Court.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Defendant, to counsel for the remaining parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: January 18, 2012

David S. Cayer
United States Magistrate Judge