UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-528-RJC-DSC

| | |
|---|---|
| NATIONWIDE TRUSTEE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANGEL L. RIVERA, <br><br> Defendant/Cross Claimant, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Cross Defendant, | **ORDER** |

**THIS MATTER** comes before the Court on Third Party Defendant Bank of America, N.A.'s ("Bank of America") Motion to Remand, (Doc. No. 8), and Plaintiff Nationwide Trustee Services, Inc.'s ("Nationwide") Motion to Dismiss and Remand, (Doc. No. 10), both filed on November 21, 2011, and the Magistrate Judge's January 19, 2012 Memorandum and Recommendation ("M&R"), recommending that this matter be remanded to Mecklenburg County Superior Court, (Doc. No. 16).

## I. BACKGROUND

On June 14, 2011, Plaintiff Nationwide commenced a special proceeding in Mecklenburg County Superior Court seeking foreclosure on a deed of trust on real property located at 16042 Stuarts Draft Court in Charlotte, North Carolina. On June 26, 2011, Defendant Angel L. Rivera ("Rivera") was served a copy of the Notice of Hearing of Foreclosure. The hearing was initially scheduled for August 19, 2011, but was continued upon Nationwide's request.

On October 21, 2011, more than thirty days after his receipt of the initial foreclosure notice, Rivera filed a Notice of Removal of Action, (Doc. No. 1), alleging federal question jurisdiction under 28 U.S.C. § 1331. On the same day, Rivera also filed counterclaims against Nationwide and a third party complaint against Bank of America, (Doc. No. 3), asserting state law claims for breach of contract and wrongful foreclosure.

On November 21, 2011, Bank of America and Nationwide each filed Motions to Remand, (Doc. Nos. 8; 10), and Motions to Dismiss, (Doc. Nos. 9; 10). On January 19, 2012, the Magistrate Judge entered an M&R, recommending that this matter be remanded to Mecklenburg County Superior Court, (Doc. No. 16). Rivera filed an Objection to the M&R on February 7, 2012, (Doc. No. 17), arguing that his Notice of Removal was timely filed and that this Court has federal question jurisdiction.

On March 8, 2012, Rivera discovered that Nationwide had voluntarily dismissed the state court foreclosure action on November 6, 2011. (Doc. No. 18 at 3). Rivera filed a Motion for Order to Show Cause on March 16, 2012, seeking an Order requiring Nationwide and Bank of America to show cause why, inter alia, they failed to timely serve Rivera and this Court with a copy of the dismissal and why they moved this Court for an order to remand. (Id.). Nationwide responded to the Motion for Order to Show Cause on April 2, 2012, (Doc. No. 19), indicating that the dismissal had been filed by mistake. This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to

2

law. FED. R. CIV. P. 72(a). A motion for remand is generally viewed as a non-dispositive motion, and thus is reviewed under Rule 72(a). See Wachovia Bank, N.A. v. Deutsche Bank Trust Co. Americas, 397 F. Supp. 2d 698, 702 (W.D.N.C. 2005) ("[A]s a remand order does not resolve or dispose of the case, the judge need only determine if the magistrate's order is clearly erroneous or contrary to law.") (quotation omitted).

## III. DISCUSSION

### A. Motion to Remand

Bank of America and Nationwide contend that this action should be remanded to the Mecklenburg County Superior Court because the Notice of Removal is procedurally improper and because this court lacks subject matter jurisdiction. The Magistrate Judge agreed. Rivera objected, arguing that his Notice of Removal was timely filed and that this Court has federal question jurisdiction.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The record indicates that Rivera received the Notice of Hearing on June 26, 2011.[1] The Petition for Removal was filed by Rivera on October 21, 2011, more than thirty days after he received the Notice of Hearing. Under the terms of § 1446(b), the filing of the Petition of Removal was untimely, and therefore procedurally defective. Because the removal was procedurally

---

[1] N.C. Gen.Stat. § 45-21.1 et seq. sets out the procedure for foreclosure by power of sale under North Carolina law. Foreclosures by power of sale are "special proceedings" under North Carolina, see Phil Mech. Constr. Co., Inc. v. Haywood, 325 S.E.2d 1, 3 (N.C. Ct. App. 1985), which are initiated by the filing of a notice of hearing instead of a complaint and summons. N.C. GEN. STAT. § 45-21.16.

3

improper, the court need not consider whether it has subject matter jurisdiction over this case. See In re Foreclosure of a Deed of Trust Executed by Prodev, No. 5:08-CV-569-F, 2008 WL 5234301, at * 2 (E.D.N.C. Dec. 15, 2008). The Magistrate Judge's recommendation of remand is **ADOPTED** and the Motions to Remand are **GRANTED**.

B. <u>Motion for Order to Show Cause</u>

On March 16, 2012, Rivera filed a Motion for Order to Show Cause, (Doc. No. 18), asking this Court for an Order to Show Cause why the motions to remand "should <u>not</u> be dismissed with prejudice, and why sanctions should <u>not</u> issue." (Doc. No. 18 at 2) (emphasis in original). Rivera indicates that on March 8, 2012, "acting on a hunch," Rivera's agent[2] reviewed the state court file and discovered that Nationwide had voluntarily dismissed the foreclosure action on November 6, 2011. (Id. at 3). Rivera requests an order requiring Nationwide and Bank of America to show cause why, <u>inter alia</u>, they failed to timely serve Rivera and this Court with a copy of the dismissal and why they moved this Court for an order to remand. (Id.).

In response, Nationwide states that the dismissal was "filed by mistake." (Doc. No. 19 at

---

[2] According to the Docket Report, Rivera is proceeding pro se. However, Bank of America states in its Motion to Remand: "Rivera, through his efforts and the efforts of his alleged attorney, Jennifer L. Wilson, who is not a North Carolina licensed attorney, filed for improper removal of this action." (Doc. No. 8 at 7). To the extent that Rivera's "agent" is an attorney who is ghostwriting his filings, this Court admonishes Rivera that this court condemns the ghostwriting of pleadings for parties purporting to appear pro se. "Ghostwriting legal documents '(1) unfairly exploits the Fourth Circuit's mandate that the pleadings of pro se parties be held to a less stringent standard than pleadings drafted by lawyers, (2) effectively nullifies the certification requirement of Rule 11 of the Federal Rules of Civil Procedure,'" and (3) circumvents the appearance and withdrawal requirements of Local Rule 83.1 of the Western District of North Carolina. <u>Bittle v. Elec. Ry. Imp. Co.</u>, 576 F. Supp. 2d 744, 755 n.9 (M.D.N.C. 2008) (quoting <u>Laremont-Lopez v. Se. Tidewater Opportunity Project</u>, 968 F.Supp. 1075, 1078 (E.D. Va.1997)). The Court further warns any attorney providing ghostwriting assistance that he or she is behaving unethically. <u>Davis v. Back</u>, No. 3:09-cv-557, 2010 WL 1779982, at *13 (E.D. Va. Apr. 29, 2010); <u>see also</u> <u>Anderson v. Duke Energy Corp.</u>, No. 3:06-cv-399, 2007 WL 4284904, at *1 n.1 (W.D.N.C. Dec. 4, 2007) (Reidinger, J.).

2). Nationwide further argues that the state court action was stayed on October 21, 2011, when Rivera filed his Motion for Removal, thereby rendering the November 2011 dismissal ineffective. (Id.). In support, Nationwide cites North Carolina Rule of Civil Procedure 12(a)(2):

> Upon the filing in a district court of the United States of a petition for the removal of a civil action or proceeding from a court in this State and the filing of a copy of the petition in the State court, the State court shall proceed no further therein unless and until the case is remanded.

Similarly, by entry of this Order remanding the action to state court, the jurisdiction of this Court ends and the Court has no power to decide whether the purported dismissal was effective. Thus, Rivera and Nationwide will need to resolve this issue in state court. Rivera's Motion for Order to Show Cause is **DENIED**.

    C.    Motion for Costs and Expenses

Bank of America also seeks an award of just costs and actual expenses, including attorneys fees, incurred as a result of the removal of this action. (Doc. No. 8 at 6). In support of this request, Bank of America cites Martin v. Franklin Capital Corp., 546 U.S. 132 (2005) and argues that Rivera's removal was "unreasonable and unfounded." (Id.).

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Bank of America cites Martin, 546 U.S. at 132, in support of such award. This Court interprets Martin, however, as supporting the opposite conclusion. The Martin Court explained:

> [T]he removal statute grants defendants a right to a federal forum. See 28 U.S.C. § 1441 (2000 ed. and Supp. II). A remand is necessary if a defendant improperly asserts this right, but incorrectly invoking a federal right is not comparable to violating substantive federal law. The reasons for adopting a strong presumption in favor of awarding fees that were present in Piggie Park are accordingly absent here. In the absence of such reasons, we are left with no sound basis for a similar

presumption. Instead, had Congress intended to award fees as a matter of course to a party that successfully obtains a remand, we think that "[s]uch a bold departure from traditional practice would have surely drawn more explicit statutory language and legislative comment." Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994).

Id. (citing Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968) (per curiam)). As the Supreme Court stated in Fogerty, 510 U.S. 517 at 533, "[t]he word 'may' clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." Indeed, "Congress used the word 'shall' often enough in § 1447(c) - as when it specified that removed cases apparently outside federal jurisdiction 'shall be remanded' - to dissuade us from the conclusion that it meant 'shall' when it used 'may' in authorizing an award of fees." Martin, 546 U.S. at 136.

Bank of America argues that this case is similar to Prodev, 2008 WL 5234301, where the Eastern District of North Carolina found that the party seeking remand, FMV, was entitled to an award of the costs and expenses incurred as a result of the removal of the action by Hood. The Eastern District stated:

> Here, Hood received the Notice of Hearing on September 29, 2008. The record indicates that Hood filed no objections prior to the hearing. FMV represents that Hood was present for hearing, and again raised no objections to the foreclosure. Consequently, on October 13, 2008, the Clerk of Court for the Superior Court signed and entered an order allowing the foreclosure. Under North Carolina law, Hood had ten days to file an appeal of the Foreclosure Order, but chose not to do so. See N.C. Gen.Stat. § 45-21.16(d1). Instead, he waited almost a month to file the "Petition for Removal" on Friday, November 14, 2008 - the last business day before the scheduled foreclosure sale on Monday, November 17, 2008.

Prodev, 2008 WL 5234301, at *2. The court found that the "Petition for Removal was filed for the purposes of delaying the foreclosure sale and prolonging the foreclosure proceedings. The court concludes that this falls within the "unusual circumstances" warranting a departure from the general rule espoused in Martin and is faithful to the purposes of awarding fees under §

6

1447(c)." Id. at *3.

Here, Rivera states that he contested the continuance of the foreclosure hearing, made objections at the foreclosure hearing and moved for reconsideration after judgment was entered. See (Doc. No. 17 at 2). Rivera sought removal based on federal question jurisdiction, stating as his grounds for removal that Nationwide and/or Bank of America violated Article III of the U.S. Constitution, 28 U.S.C. § 17(a), Federal Rule of Civil Procedure 17(a), the National Banking Act and Due Process of Law. (Doc. No. 1 at 3). The Court finds that Rivera's Motion for Removal, albeit procedurally defective, does not appear to have been filed in bad faith or with the intention of purposefully delaying the foreclosure sale. Therefore, the Court finds that the "unusual circumstances" warranting a departure from the general rule stated in Martin are not present here and Bank of America's request for fees and costs is **DENIED**.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Bank of America's Motion to Remand, (Doc. No. 8), is **GRANTED**;

2. Bank of America's Motion to Dismiss, (Doc. No. 9), is **DENIED as moot**;

3. Nationwide's Motion to Dismiss and Motion to Remand, (Doc. No. 10), is **GRANTED in part and DENIED in part**. That is, the portion of Nationwide's Motion seeking remand is **GRANTED** and the portion seeking dismissal is **DENIED as moot**;

4. The Magistrate Judge's M&R is **ADOPTED**;

5. Rivera's Motion for Order to Show Cause, (Doc. No. 18), is **DENIED**; and

6. This matter is **REMANDED** to Mecklenburg County Superior Court.

Signed: April 20, 2012

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
Chief United States District Judge